THE BRONX GAS AND ELECTRIC COMPANY, Plaintiff, *v.* THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, FIRST DISTRICT; LOUIS NIXON, Constituting the Public Service Commission for the First District, et al., Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Pleading — complaint — answer — gas companies — injunctions — actions — when motion to overrule demurrer denied — statutes — Public Service Commission.

A demurrer will not lie purely to the nature of the relief demanded by a complaint which states a cause of action.

In an action for an injunction against the Public Service Commission, First District, and other public officials, to restrain them from enforcing the statute (Laws of 1906, chap. 125) fixing the maximum price of gas at one dollar per 1,000 cubic feet in the territories served by plaintiff, and to prevent interference with the collection of one dollar and fifty cents fixed by plaintiff as a reasonable rate for such service, two distinct causes of action were separately stated as grounds for relief; one to have the statutory rate declared confiscatory because, due to the charges for necessary ingredients used in the manufacture of gas, it is impossible to pay for the cost

thereof, and as an incident to the injunctive relief, the other cause of action asks the court to fix a reasonable rate, the enforcement of which would be protected. The Public Service Commission demurred to the first cause of action and answered the second. *Held,* that the facts set forth in the first cause of action were insufficient to empower the court to grant the injunction and plaintiff's motion to overrule the demurrer and for judgment on the .pleadings, which proposed a decision of the controversy on the merits, denied.

ACTION for an injunction. Motion to overrule demurrer and for judgment on the pleadings.

Atwater & Cruikshank, for plaintiff.

Terence Farley (Godfrey Goldmark, of counsel), for defendant Nixon and the Public Service Commission.

McAVOY, J. The corporate plaintiff seeks an injunction against the public service commission and other public officers to restrain them from enforcing the provisions of chapter 125 of the Laws of 1906 fixing the maximum price of gas at one dollar per 1,000 cubic feet in the territories served by the plaintiff company, and to prevent any interference upon the part of public officials charged with the duty in the premises with the collection of a higher rate which the plaintiff company fixes as a reasonable rate, to wit, one dollar and fifty cents. Plaintiff has separated its grounds for relief into two distinct causes of action, the one to declare the rate of one dollar as a confiscatory rate because it is impossible, due to the charges for necessary ingredients used in the manufacture of gas, to realize any profit upon such manufacture, or, indeed, to pay for the cost thereof, and as an incident to this injunctive relief it is asked, in the other cause of action, that the court should go further and fix a reasonable rate, the

enforcement whereof would be protected.   It is, of course, obvious that the existing rate statutes must be adjudged to be invalid and inoperative before there would be a right to the additional injunctive relief which is sought, and there is no contention but that the plaintiff is entitled to bring an equity action to have such statutes declared unconstitutional and void if it is shown that the rates prescribed are not sufficient to supply the cost of manufacture of gas and realize a reasonable profit.   The validity of the act (Laws of 1906, chap. 125) is the point to be determined under the allegations of plaintiff's second cause of action.   The first cause of action is based upon the theory that the cost of production of plaintiff's gas has increased so much by reason of the general advance in the price of labor and supplies that it has been costing plaintiff much more than one dollar to produce and deliver gas, so that, instead of paying dividends on its stock, plaintiff has been losing $200 a day on its gas department; that therefore the rate statutes have become unconstitutional and nugatory, and because of this the plaintiff has undertaken to increase its gas rate to one dollar and fifty cents per 1,000, and has filed, pursuant to the Public Service Commissions Law and the commission's regulations, a thirty-day notice or schedule with the public service commission stating that on and after April 11, 1919, its rate would be increased to the sum of one dollar and fifty cents.   Plaintiff asserts that the defendants have threatened to prevent this increase by prosecutions, suits, demands for penalties, etc., and the remedy is asked, under the first cause of action, to enjoin defendants from interfering with plaintiff in the enforcement of its new rate, and repeats as an incident the demand of the second cause of action that the rate statutes be declared unconstitutional.   Although there is but one

prayer for relief attached to the amended complaint, there are no facts alleged in such amended complaint which would entitle the plaintiff to the relief of restraint of the public officials from enforcing the one dollar and fifty cent rate, unless it were for the matter set forth in the first cause of action. The public service commission answers the second cause of action and demurs to the first cause of action. The real objection seems to be on the part of the defendant raised by its demurrer to the first cause of action to the relief demanded therein, and to the facts alleged in such cause as judicial ground for affording that relief. It is true as a rule of law that a demurrer will not lie purely to the nature of the relief demanded if from the facts alleged any cause of action may be predicated thereon, but since the intent of the pleader, evidenced by his obvious demand embodied in the prayer for relief, goes in its essential nature to the question whether the facts set forth in the first cause of action are sufficient to empower this court to grant an injunction against interference with plaintiff's new gas rate of one dollar and a half per 1,000 cubic feet, a decision on the merits of the controversy is really proposed by this motion for judgment by plaintiff on the pleadings. I pass, therefore, a point which may be conceded, that the first cause of action might be construed as merely a repetition of the second cause of action, and therefore would allow of a judgment declaring the acts complained of as unconstitutional, and will consider whether any cause is laid, of which this court may take cognizance, to enjoin the public officials, defendants herein, from interference with the one dollar and fifty cent rate because of danger of multiplicity of suits, burdensome litigations, imminence of bankruptcy, the public policy of enabling plaintiff to con-

tinue its public service for the benefit of the community, and kindred equitable grounds. Of course, the principal difficulty of holding that the power of the court exists lies in the rule of law that the judicial power does not extend to the fixation of a rate; and by whatever term this relief is denominated, it would ultimately result in the determination of a court that the specific rate the interference with which is sought to be enjoined was a reasonable rate. The situation that arises from this alleged lack of power is this: The plaintiff would, after an expensive and protracted litigation, if it be able to show that the restrictive statutes are unconstitutional, have accomplished a declaration that the statutes complained of compelled the furnishing of and the delivery of gas at the former rate — an exercise of power which is confiscatory in its result. Thereafter, and in an entirely new proceeding, it will be required to show what is a reasonable price which it may charge for the furnishing of gas to consumers. The public service commission would have no authority to fix any rate for gas in excess of the price fixed by statute, because, although the statute may be unconstitutional as a matter of fact, in so far as it fixes too low a rate for the earning of profits by the company, it is nevertheless valid as a restriction on the public service commission's power to fix any other rate. *Municipal Gas Co.* v. *Public Service Commission,* 225 N. Y. 89. Even if, and when the restrictive statutes are adjudged as confiscatory, the power of the public service commission will not thereby, in view of this ruling, be increased. The argument is made, in view of this condition, that the fixing of a rate in this case would be merely a secondary or incidental result to the granting of proper equitable relief, and that where such a state of facts arises, due to the failure of the legislature to exercise

its primary functions of rate regulation, the equitable power may be invoked, that the court should act to prevent a gross injustice, and because of the failure of the ratemaking authority to act. It seems to me that these are arguments of expediency and policy which must be addressed to the legislature and cannot, because of the awkwardness or difficulty of the situation, be made a base from which authority not conferred may be assumed in necessity to arise. When the court determines what is a reasonable charge as an incident to a determination that the rate statutes are confiscatory, such a charge cannot be enforced as a fixed charge for services for any purpose other than to determine the particular controversy between the parties before the court and those whom they represent. Attempting to enforce the rate which the court determined to be a reasonable one, as a prescribed future charge, would in an indirect way usurp the legislative prerogative of prescribing by rule the compensation for a future public service. If a law be adjudged invalid the court may not, in the same decree declaring its invalidity, attempt to enact a law upon the same subject which shall be obnoxious to no legal objections. It is bound to stop with simply passing its judgment upon the validity of the act. It is quite apparent to me that the considerations which inhibit a tribunal from fixing a rate to be charged in the future are equally potent to prevent its effecting the same end through the enjoining power forbidding interference with the rate which it finds to have been sufficient under previous conditions and prices. The situation, if the existing rate statutes are declared confiscatory, will be identical with the establishment of a new utility created after the decree declaring the acts confiscatory has been filed. The company must decide for itself, in the first instance, what rate shall

be charged, the legislative rate having been annulled by judicial decree, the commission having no power to fix a rate due to the inhibition of its statutory power, which does not fall with the declaration of the invalidity of the rate. Such a rate named by the utility company will control until it is found by the court to be unreasonable. There lie but two things in the path of the right of this company to exercise its common-law privilege to charge any rate which, by agreement with its consumers, it can secure. The first is the legislative prescription of the dollar rate; the second is such restrictions as are imposed by statute to the fixation of a new rate in the absence of the authority by the public service commission to establish such new rate. If the first be removed by decree of the court, and the necessary preliminary conditions to the charge of the new rate be complied with under the Public Service Commissions Law, the company is left free to take the initiative. There can be no illegality if the courts have held invalid the act of the legislature, and the company has complied with the necessitous terms for establishing the new rate, until the legislature establishes another rate by appropriate enactment or gives its delegate, the public service commission, authority to do so. Therefore the motion by the plaintiff to overrule the demurrer and for judgment on the pleadings is denied, with costs.

Motion denied, with costs.